United States District Court
Southern District of Texas
ENTERED
July 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| WILL ANTONIO AYALA PAZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-98 |
| | § | |
| PAMELA JO BONDI[1] *et al.* | § | |

## ORDER

Before the Court is Respondents' Motion for Reconsideration (Dkt. No. 6). For the reasons below, Respondents' Motion (Dkt. No. 6) is **GRANTED**.

## I. BACKGROUND

Petitioner is an undocumented alien who entered the United States nearly twenty years ago (Dkt. No. 1 at 5, ¶¶ 20–21). On January 13, 2026, ICE arrested him as he was driving in his neighborhood and detained him pending resolution of his immigration proceedings (Dkt. No. 1 at 5, ¶ 26). Shortly after, Petitioner initiated this action seeking his release from detention (Dkt. No. 1 at 9).

On February 5, 2026, the Court granted the petition in part and ordered Respondents to provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) (Dkt. No. 2 at 2). The following day, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). At the bond hearing, the Immigration Judge ("IJ") denied him bond finding that he is an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) (Dkt. No. 4 at 2, 7–8).

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

Following the IJ's bond denial, Petitioner requested that the Court consider his due process claim, as the Court granted relief based on § 1226(a) alone (Dkt. No. 4 at 2). Days after, Respondents moved for reconsideration of the Court's order, arguing *Buenrostro-Mendez* holds Petitioner is subject to mandatory detention (*see* Dkt. No. 6).

## II. LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not address motions for reconsideration, "the Fifth Circuit has explained that such a motion will be treated as either a motion to alter or amend under Rule 59(e) or a motion for relief from judgment under Rule 60(b).'" *Brooks v. Wal-Mart Louisiana, LLC*, No. 6:25-CV-00577, 2026 WL 1910347, at *1 (W.D. La. July 2, 2026) (citation modified) (quoting *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991)). Rule 59(e) applies when a motion for reconsideration is filed within twenty-eight days of the reviewable order. *Dante v. Power Home Remodeling Grp. LLC*, No. 4:24-CV-3099, 2026 WL 1597482, at *1 (S.D. Tex. May 18, 2026) (citation omitted), *report and recommendation adopted*, No. 4:24CV3099, 2026 WL 1591835 (S.D. Tex. June 3, 2026). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (citation modified) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

## III. DISCUSSION

The Court cannot ignore the Fifth Circuit's intervening decision and finds it appropriate to reconsider its previous judgment. *Buenrostro-Mendez* held an alien applicant for admission who has not been admitted or paroled is subject to mandatory

detention under 8 U.S.C. § 1225(b)(2). 166 F.4th at 507–08. This is true regardless of the "government's past practice" since the statute's text "says what it says, regardless of the decisions of prior Administrations." *Id.* at 506. Just as the petitioners in *Buenrostro-Mendez*, Petitioner's detention is governed by § 1225(b)(2), not § 1226(a). *Id.* at 498.

However, in a since-vacated opinion, the Fifth Circuit held that the Due Process Clause requires aliens detained under § 1225(b)(2) be provided with a bond hearing within ninety days of their detention. *See Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated sub nom. Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). As Petitioner notes, the Court expressly declined to decide his due process claim (Dkt. Nos. 4 at 2, ¶ 3; 2 at 1 n.2). The Court did not previously order Respondents to respond to this claim. Since it has evolved since the Court's decision, the parties will be afforded an opportunity to submit briefing on this claim.

## IV. CONCLUSION

For the reasons above, Respondents' Motion for Reconsideration (Dkt. No. 6) is **GRANTED**. The Court **REOPENS** this action and **VACATES** its previous Order and Final Judgment (Dkt. Nos. 2, 3).

Petitioner's Request for Relief (Dkt. No. 4) is **GRANTED IN PART**, to the extent it seeks for the Court to consider Count 2. To the extent the motion seeks Petitioner's release, it is **DENIED**.

Respondents are **ORDERED** to file a response to Petitioner's due process claim by **August 7, 2026**. Petitioner may file a reply by **August 12, 2026.** If there are any material changes in Petitioner's immigration proceedings that may alter Respondents'

detention authority, they must advise the Court of such developments no later than **August 7, 2026**.

It is so **ORDERED**.

**SIGNED** July 30, 2026.

Marina Garcia Marmolejo
United States District Judge